UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CR-20727-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

v.

MAYLIN SILVA,

        Defendant
_____/

MAISONS FLORIDE, LLC,

        Petitioner/Claimant
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Petitioner/Claimant Maisons Floride, LLC's ("Claimant" or "Petitioner" or "Maisons Floride") Petition for Third-Party Interest in Forfeited Property ("Petition") [D.E. 78]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Darrin P. Gayles, United States District Judge [D.E. 109]. The undersigned held an evidentiary hearing on this matter on June 26, 2018 [D.E. 115]. For the reasons stated below, the undersigned respectfully recommends that Claimant's Petition be GRANTED IN PART and DENIED IN PART, as more fully set below.

## PROCEDURAL BACKGROUND

On September 15, 2015, Defendant Maylin Silva ("Defendant" or "Silva") was charged with the following offenses:

    Count 1:    Conspiracy to encourage and induce aliens to enter and reside in the United States, from July 2005 through December 2014, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I).

    Counts 2-4:    Unlawfully encouraging and inducing an alien to enter and reside in the

> United States, in November 2009, November 2010 and May 2013, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv), v(II), and (B)(i).

Counts 5-6:   Mail fraud, on February 8, 2011 and September 12, 2013, in violation of 18 U.S.C. §§ 1341, 1342.

See Indictment [D.E. 3]. In addition to charging these offenses, the Indictment makes the following Forfeiture Allegations:

1. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **MAYLIN SILVA,** has an interest.

2. Upon conviction of a violation of Title 8, United States Code, Section 1324, or a conspiracy to commit such violation, as alleged in this Indictment, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6), the following:

   (i)   any conveyance, including any vessel, vehicle, or aircraft, used in the commission of the offense;

   (ii)  any property, real or personal, that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; and

   (iii) any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offense.

3. Upon conviction of a violation of Title 18, United States Code, Section 1341, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such violation, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

4. The property which is subject to forfeiture includes, but is not limited to, a forfeiture money judgment in a sum of money equal in value to any property, real or personal, that constitutes or is derived from proceeds of the offenses, and any property, real or personal, that was used to facilitate, or was intended to be used to facilitate, the commission of the offenses.

5. If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p). Specifically, said substitute property may include the following:

1) the real property located at 2800 Island Boulevard, Williams Island, Apt. 803, Aventura, Florida [hereafter, "the Williams Island Property"];

2) the real property located at 6865 Bay Drive, Apt. 22, Miami Beach, Florida [hereafter, "the Bay Drive Property"]; and

3) the real property located at 15403 SW 68 Lane, Miami, Florida.

All pursuant to Title 18, United States Code, Sections 981(a)(l)(C) and 982(a)(6), Title 28, United States Code, Section 2461(c), and the procedures set forth in Title 21, United States Code, Section 853.

Id. at 6-8.

On October 23, 2015, the government recorded Notices of Lis Pendens in Miami-Dade County for each of the three properties listed in the foregoing Forfeiture Allegations. See Notices of Lis Pendens [D.E. 10-12, filed on November 9, 2015].[1]

On March 18, 2016, Marc David Seitles, Esq. ("Attorney Seitles") entered an appearance as retained counsel on behalf of Defendant [D.E. 37].

On June 30, 2016, Defendant pled guilty to Count 1 of the Indictment pursuant to a Plea

---

[1] On February 15, 2017, the government recorded a Notice of Release of Lis Pendens for the property located at 15403 SW 68 Lane, Miami, Florida [D.E. 74].

3

Agreement [D.E. 46, 47].[2] In support of her guilty plea, Defendant executed a Factual Proffer in which she admitted that she had engaged in a scheme whereby she "filed or caused to be filed fraudulent employment-based petitions on behalf of at least 25 to 99 aliens." See Factual Proffer [D.E. 48 at 2].[3] Defendant also admitted that, "as a result of [her] illegal conduct in the immigration fraud scheme, she derived over $1,500,000 during the period of the charged conspiracy. Defendant used these funds, in part, to maintain and pay mortgages on her real properties, including [the Williams Island Property and the Bay Drive Property]." Id. at 4.

With regard to forfeiture, Defendant agreed to "the entry of a forfeiture money judgment in the amount of $1,500,000.00 in United States currency." See Plea Agreement [D.E. 47 at 6]. Defendant further agreed, "in her individual capacity, and as beneficiary, officer, and member of Maisons Floride, LLC," to forfeit in partial satisfaction of the forfeiture money judgment the Williams Island Property and the Bay Drive Property. Id. at 7.

After the plea, the government filed a Motion for a Forfeiture Money Judgment and a Preliminary Order of Forfeiture [D.E. 51]. On August 10, 2016, the Court entered a Forfeiture Money Judgment and Preliminary Order of Forfeiture (hereafter, "Preliminary Forfeiture Order") [D.E. 53]. Therein, the Court ordered, *inter alia*, the final forfeiture as to Defendant of the Williams Island Property and the Bay Drive Property (together, "the Real Properties") in partial satisfaction of the forfeiture money judgment. Id. at 4-5. The Court also directed the publication of notice of the Preliminary Forfeiture Order and the direct notification to any persons known to have an alleged interest in the forfeited properties. Id. at 5.

On November 2, 2016, Defendant was sentenced to a term of imprisonment of 30 months

---

[2] Defendant also pled guilty to a contempt of court charge arising from her violations of conditions of pretrial release. See Plea Agreement [D.E. 47]; Indictment [Case No. 15-20906-CR, D.E. 7].
[3] In the factual proffer, Defendant also admitted that she had attempted to flee to Venezuela while on pretrial release. See Factual Proffer [D.E. 48 at 5-6].

4

followed by three years of supervised release. See Judgment [D.E. 68]; Amended Judgment [D.E. 75].

On March 13, 2017, Maisons Floride timely filed the Petition claiming that the Real Properties are "owned by the Petitioner and not by the defendant." See Petition [D.E. 78 at 1]. Specifically, Maisons Floride alleged as follows:

> **Facts Supporting Petitioner's Claim to Right, Title, or Interest in Forfeited Property**
> According to 21 U.S.C. § 853(n)(6)(A), a petitioner must show that she has a legal right, title or interest in the real property that renders the order of forfeiture invalid in whole or in part because the interest was vested in her rather than the defendant. Petitioner has filed a timely petition that includes all the necessary components required by statute, and thus requests that the Court modify the forfeiture order by removing the following described property, as the interest in that property is vested in Petitioner, not the defendant, and Petitioner's interest, in whole or in part, is superior to any interest claimed by the defendant: 6865 Bay Drive, Unit No. 22, Miami Beach, Florida, Miami-Dade County, Florida; and 2800 Island Blvd., Unit 803, Miami, Florida, Miami-Dade County, Florida.
>
> Petitioner claims all legal right, title and interest in the property, with no viable prior interest or claim of the defendant having ever existed prior to the forfeiture judgment. Petitioner has not been provided with documentation to establish that any interest of the defendant diminishes the interest of Petitioner. Petitioner is a limited liability company owned by individuals other than the defendant. Petitioner acquired the property through lawful funds in an original real estate transaction of record.

Id. at 1-2.[4] The Petition was verified by "Andreina Colmenares," as Director of Maisons Floride. Id. at 4.[5]

On June 30, 2017, the government requested authorization to sell the Real Properties to minimize their diminution in value and the accrual of expenses caused by the passage of time, which request was granted [D.E. 91, 98]. The Court directed that the net proceeds from the sale

---

[4] Although the Court entered a Final Order of Forfeiture on March 28, 2017 pursuant to the government's earlier motion [D.E. 77, 82], the government requested that the Order exclude the Williams Island Property and the Bay Drive Property due to the pendency of Maisons Floride's Petition. See Notice Striking Document Entry 82 [D.E. 83].

[5] The signature, however, reads "Maylin Andreina Colmenares." Id.

5

of the Real Properties (hereafter, "Net Proceeds") be deposited pending adjudication of the Petition, with the Net Proceeds substituted for the Real Properties as the *res* [D.E. 98]. According to the government, the Real Properties have since been sold and the Net Proceeds are being held by the Treasury Executive Office for Asset Forfeiture ("TEOAF"). See United States' Amended Memorandum for Evidentiary Hearing (hereafter, "Government's Amended Memorandum") [D.E. 113 at 4].

## EVIDENTIARY HEARING

At the June 26, 2018 evidentiary hearing the undersigned admitted the following documents:

| | |
|---|---|
| Claimant's Ex. 1 | Maisons Floride's yearly corporation records with the State of Florida identifying the following individuals and positions:<br><br>2012, 2013 - Managers Maylin Silva, Alejandro Ruiz, Maylin Colmenares<br>2014 - Managers Maylin Silva, Maylin Andreina Colmenares<br>2015 - Directors Andreina Colmenares, Alex Ruiz; Director/Manager May Meyer<br>2016, 2017 - Director Andreina Colmenares; Director/Manager May Meyer[6] |
| Claimant's Ex. 2 | Warranty Deed dated March 28, 2014 for the Bay Drive Property showing UV Cite, LLC as grantor and Maisons Floride as grantee; and Quit Claim Deed dated March 25, 2014 for the Williams Island Property, showing Defendant as grantor and Maisons Floride as grantee. |
| Gov't Ex. 1 | Bank records from Bank of America, consisting of signature cards for Maisons Floride accounts ending in 7462 and 9259, signed by Maylin Silva in 2013 as Member; and account balances as of 11/26/14 for those two accounts and three additional accounts. |

See Transcript of June 26, 2018 Evidentiary Hearing (hereafter, "Transcript") [D.E. 119 at 2]; Claimant's Exs. 1-2; Gov't Ex. 1. The government also proffered Petitioner's Answer to Plaintiff's Interrogatories [D.E. 113-1].[7]

---

[6] As is apparent below, Maylin Andreina Colmenares and Andreina Colmenares are the same person.
[7] The undersigned accepted this proffer over Claimant's objections. See Transcript [D.E. 119 at 36-39].

6

Additionally, the undersigned heard the testimony of Attorney Seitles. See Transcript [D.E. 119 at 24-27]. Attorney Seitles testified that he was aware that Defendant had a son, Alex Ruiz, and a daughter, Andreina Colmenares, who were not charged with any crimes and who he thought may have been members of Maisons Floride. Id. at 24. Attorney Seitles further testified that Defendant had been in custody since her bond was revoked, had finished her prison sentence, was transferred to immigration custody, and was deported to Venezuela. Id. at 25.[8]

## APPLICABLE LAW

Title 21, United States Code, Section 853(a), entitled "Property subject to criminal forfeiture," provides:

> Any person convicted of a violation of this subchapter or subchapter II punishable by imprisonment for more than one year shall forfeit to the United States, irrespective of any provision of State law—
>
> (1) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation;
>
> (2) any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and
>
> (3) in the case of a person convicted of engaging in a continuing criminal enterprise in violation of section 848 of this title, the person shall forfeit, in addition to any property described in paragraph (1) or (2), any of his interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise.
>
> The court, in imposing sentence on such person, shall order, in addition to any other sentence imposed pursuant to this subchapter or subchapter II, that the person forfeit to the United States all property described in this subsection. In lieu of a fine otherwise authorized by this part, a defendant who derives profits or other proceeds from an offense may be fined not more than twice the gross profits or other proceeds.

See 21 U.S.C. § 853(a).

Title 21, United States Code, Section 853(n), entitled "Third party interests," provides:

---

[8] At the June 26th evidentiary hearing, the government represented to the undersigned that Defendant was deported in February 2018. Id. at 65.

7

(1) Following the entry of an order of forfeiture under this section, the United States shall publish notice of the order and of its intent to dispose of the property in such manner as the Attorney General may direct. The Government may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

(2) *Any person, other than the defendant*, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

(3) The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

(4) The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition. The court may consolidate the hearing on the petition with a hearing on any other petition filed by a person other than the defendant under this subsection.

(5) At the hearing, the petitioner may testify and present evidence and witnesses on his own behalf, and cross-examine witnesses who appear at the hearing. The United States may present evidence and witnesses in rebuttal and in defense of its claim to the property and cross-examine witnesses who appear at the hearing. *In addition to testimony and evidence presented at the hearing, the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture.*

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or

(B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section;

>> the court shall amend the order of forfeiture in accordance with its determination.
>
> (7) Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in paragraph (2) for the filing of such petitions, the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee.

See 21 U.S.C. § 853(n) (emphasis added).

Title 21, United States Code, Section 853(o), entitled "Construction," provides:

> ***The provisions of this section shall be liberally construed to effectuate its remedial purposes.***

See 21 U.S.C. § 853(o) (emphasis added).

Title 21, United States Code, Section 853(p), entitled "Forfeiture of substitute property," provides:

> (1) In general
> Paragraph (2) of this subsection shall apply, if any property described in subsection (a), as a result of any act or omission of the defendant—
> (A) cannot be located upon the exercise of due diligence;
> (B) has been transferred or sold to, or deposited with, a third party;
> (C) has been placed beyond the jurisdiction of the court;
> (D) has been substantially diminished in value; or
> (E) has been commingled with other property which cannot be divided without difficulty.
>
> (2) Substitute property
> In any case described in any of subparagraphs (A) through (E) of paragraph (1), the court shall order the forfeiture of any other property of the defendant, up to the value of any property described in subparagraphs (A) through (E) of paragraph (1), as applicable.

See 21 U.S.C. § 853(p).[9]

---

[9] As noted above, Claimant alleged in the Petition that it had met all of the requirements of 21 U.S.C. § 853(n)(6)(A). See Petition [D.E. 78 at 2]. Curiously, at the June 26th evidentiary hearing, Claimant argued: "What the government's remedies are when they have a forfeiture money judgment are exclusive under a different statute Title 28 United States Code Section 3205. In this instance it would be a garnishment or a foreclosure action." See Transcript [D.E. 119 at 6-7]. The undersigned rejects this bizarre argument, which contradicts the basis for the Petition and seemingly attempts to bypass the

9

## DISCUSSION

**1. Whether Petitioner is a "person other than the defendant."**

The government argues that the Court must initially address the issue of whether Maisons Floride is a person other than Silva as required by the statutory scheme for "asserting a legal interest in property which has been ordered forfeited." See 21 U.S.C. § 853(n)(2). The government argues that Silva was in total control of Maisons Floride, that no one else played any role in its activities, and that no corporate formalities were followed. See Government's Amended Memorandum [D.E. 113 at 7]. The government relies for this contention on the following evidence:

1. Silva's admission in the Factual Proffer that "as a result of [her] illegal conduct in the immigration fraud scheme, she derived over $1,500,000 during the period of the charged conspiracy[;]" and that she "used these funds, in part, to maintain and pay mortgages on her real properties, including [the Williams Island Property and the Bay Drive Property]." See Factual Proffer [D.E. 48 at 4].[10]

2. Silva, as Member, was the only signatory for the Maisons Floride bank accounts ending in 7462 and 9259. See Gov't Ex. 1.

3. Maisons Floride's Answer to Plaintiff's Interrogatories, executed by Andreina Colmenares on June 4, 2017, states: "There are no accounts in Claimant's name;" and "Claimant

---

thorough scheme set out in 21 U.S.C. § 853 for the assertion of third-party interests in criminal forfeiture proceedings.

[10] At the hearing on third party interests, "the court shall consider the relevant portions of the record of the criminal case which resulted in the order of forfeiture." 21 U.S.C. § 853(n)(5). At the June 26th evidentiary hearing, Petitioner argued that the statement from Defendant's factual proffer had no evidentiary value because it was not in the form of an affidavit. See Transcript [D.E. 119 at 58-59]. However, the undersigned noted that Silva, who was under oath during the plea colloquy, acknowledged that the facts set forth in the factual proffer were correct. Id. at 62-63 (citing Transcript of Plea Colloquy [D.E. 86]). Therefore, the undersigned finds no merit in Petitioner's "no affidavit" objection.

10

has no accounts." See Answer to Plaintiff's Interrogatories [D.E. 113-1 at 10-11].[11]

The government further argues that Claimant has adduced no evidence to show that anyone other than Silva performed any actions for Maisons Floride, which makes the corporate entity "truly the Defendant," hence not qualified to assert a claim under 21 U.S.C. § 853(n)(2). See Government's Amended Memorandum [D.E. 113 at 8].

However, Claimant has produced the State of Florida corporation records for Maisons Floride, showing it to be an active corporation from its inception in 2012 through 2017. See Claimant's Ex. 1. Because Maisons Floride has been documented to constitute a legal entity in Florida, it cannot be said that it is "truly the Defendant" for purposes of 21 U.S.C. § 853(n)(2).

### 2. Whether the corporate veil should be pierced.

Alternatively, the government argues that Maisons Floride's corporate veil should be pierced. The government relies on the Florida alter ego test, which requires proof of the following three factors:

> (1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence was in fact non-existent and the shareholders were in fact alter egos of the corporation;
>
> (2) the corporate form must have been used fraudulently or for an improper purpose; and
>
> (3) the fraudulent or improper use of the corporate form caused injury to the

---

[11] The government also relied on a statement from the sentencing transcript that "[Defendant] was the one that actually controlled the bank accounts used to maintain and pay for the Real Properties." See Government's Amended Memorandum [D.E. 113 at 7] (citing Sentencing Transcript [D.E. 87 at 18-19]). However, that statement was made by the prosecutor. See Sentencing Transcript [D.E. 87 at 18-20]). Therefore, it has no evidentiary value in these proceedings. The government also relied on an excerpt from the Presentence Investigation Report setting forth disclosures made by Silva to the Probation Officer regarding the purchase of the Real Properties. See Government's Amended Memorandum [D.E. 113 at 7] (citing Presentence Investigation Report [D.E. 59 ¶¶ 68, 69]). Specifically, the Probation Officer reported that Silva disclosed that she purchased the Williams Island Property in 2013 and that she resided at it when in Miami; and that she purchased the Bay Drive Property in 2014 and that her daughter resided at it at the time of the disclosure. See Presentence Investigation Report [D.E. 59 ¶¶ 68, 69]. Because these are statements by the Probation Officer, they also have no evidentiary value in these proceedings.

claimant.

See Government's Amended Memorandum [D.E. 113 at 9] (citing Old West Annuity & Life Ins. Co. v. Apollo Grp., No. 5:03-cv-354-Oc-10GRJ, 2008 WL 2993958, at *7 (M.D. Fla. Aug. 1, 2008)). "Florida courts disregard the corporate entity in only the most extraordinary cases, and only where there is proof of deliberate misuse of the corporate form—tantamount to fraud." Old West, 2008 WL 2993958, at *7.

The government argues that it satisfies the three factors of the alter ego test because "Defendant alone controlled the LLC and its bank accounts, she used it to conceal criminal proceeds, and the improper use of the corporate form caused injury to the United States." See Government's Amended Memorandum [D.E. 113 at 9]. With regard to the second and third factors of the alter ego test, Silva did admit in connection with her guilty plea that she used funds from the immigration fraud scheme, in part, to maintain and pay mortgages on the Real Properties, see Factual Proffer [D.E. 48 at 4]; and the government claims injury from such fraudulent use of the funds. However, with regard to the first factor, the Florida corporation records for Maisons Floride belie the government's contention that "Defendant alone controlled the LLC" since they show persons other than Silva as Managers and Directors. See Claimant's Ex. 1. Moreover, Silva's sole signature of the account opening statements in 2013, see Gov't Ex. 1, and Petitioner's interrogatory answers that the entity "has no accounts" in 2017, see Answer to Plaintiff's Interrogatories [D.E. 113-1 at 10-11], do not compel the conclusion that only Silva controlled the accounts.

Therefore, the undersigned does not find that the government has met Florida's strict test for piercing Maisons Floride's corporate veil.

**3.     Whether the Net Proceeds should be apportioned between the government and Maisons Floride's members other than Silva.**

According to the Florida corporation records, the three members of Maisons Floride at its inception were Silva, Alejandro Ruiz, and Maylin Andreina Colmenares, with the latter two being Silva's children. See Claimant's Ex. 1; Transcript [D.E. 119 at 24] (Attorney Seitles' testimony). Defendant's interest in the Net Proceeds (which have been substituted for the Real Properties) has been finally forfeited to the government in partial satisfaction of the forfeiture money judgment. See Preliminary Forfeiture Order [D.E. 53 at 4-5]. However, given the government's unsuccessful attempts to deem Maisons Floride "truly the Defendant," and to pierce Maisons Floride's corporate veil, the undersigned finds that the government is not entitled to forfeiture of the interests in the Net Proceeds of Maisons Floride's other members, Alejandro Ruiz and Maylin Andreina Colmenares. Therefore, the undersigned concludes that Claimant's Petition should be granted in part, only as to two thirds of the Net Proceeds, and be otherwise denied. In the undersigned's view, this result effectuates the remedial purposes of the third party interests forfeiture provisions. See 21 U.S.C. § 853(o).

### RECOMMENDATION

Based on the foregoing considerations, the undersigned RESPECTFULLY RECOMMENDS that Claimant's Petition be GRANTED IN PART as to two thirds of the Net Proceeds and that it be DENIED as to one third of the Net Proceeds.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have **fourteen days** from the date of this Report and Recommendation to file written objections, if any, with the Honorable Darrin P. Gayles. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996

F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 6th day of September, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc: United States District Judge Darrin P. Gayles
Counsel of Record