UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20727-CR-GAYLES/OTAZO-REYES

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MAYLIN SILVA,

      Defendant.
_____/

MAISONS FLORIDE, LLC

      Petitioner/Claimant
_____/

## ORDER

**THIS CAUSE** comes before the Court on Petitioner/Claimant Maisons Floride, LLC's ("Claimant") Petition for Third-Party Interest in Forfeited Property (the "Petition") [ECF No. 78]. The Court referred the Petition to Magistrate Judge Otazo-Reyes pursuant to 28 U.S.C. § 636 [ECF No. 109]. After an evidentiary hearing, Judge Otazo-Reyes issued her Report and Recommendation (the "Report") recommending that the Court grant in part and deny in part Claimant's Petition [120]. Plaintiff, the United States of America (the "Government"), has timely objected to the Report [121].

A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1). Those portions of the report and recommendation to which objection is made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). Any portions of the report and recommendation to which *no* specific objection

is made are reviewed only for clear error. *Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001); *accord Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

In her Report, Judge Otazo-Reyes found that (1) Claimant was a person other than Defendant Maylin Silva ("Silva"); (2) the Government had not met its burden to pierce the corporate veil; and (3) the net proceeds of the sale of the real properties at issue should be apportioned. In response, the Government relies primarily on Silva's admissions that she used shell corporations to conceal assets and illegal transactions and on Claimant's bank account signature cards, reflecting Silva as the only signatory, to establish that Claimant was merely Silva's alter ego.

This Court, having conducted a *de novo* review of the record, agrees with Judge Otazo-Reyes's well-reasoned analysis and recommendations. First, Claimant is someone other than Silva. The State of Florida's corporation records clearly show Claimant as a legal entity separate and distinct from Silva. Second, the Government fails to meet its "very heavy burden" to pierce the corporate veil. *Johnson v. New Destiny Christian Center Church, Inc.*, 303 F. Supp. 3d 1282, 1287 (M.D. Fla. 2018) (quoting *In re Hillsborough Holdings Corp.*, 166 B.R. 461, 468 (Bankr. M.D. Fla. 1994)). Indeed, "the corporate veil will not be penetrated either at law or in equity unless it is shown that the corporation was organized or employed to mislead creditors or to work a fraud upon them." *Id.* (quoting *Dania Jai-Alai Palace, Inc. v. Sykes.* 450 So. 2d 1114, 1120 (Fla. 1984)). Silva's Factual Proffer and the bank signature cards, without more, do not establish that Claimant was organized for a fraudulent purpose or other misconduct. Finally, the Court finds that Judge Otazo-Reyes's suggested equitable distribution of the net proceeds from the sale of the real properties at issue – with two-thirds of the proceeds go-

ing to Claimants and one third going to the Government – effectuates the remedial purposes of section 853.

Accordingly, after careful consideration, it is **ORDERED AND ADJUDGED** as follows:

(1) Judge Otazo Reyes's Report and Recommendation [ECF No. 120] is ADOPTED in its entirety;

(2) Petitioner/Claimant Maisons Floride, LLC's Petition for Third-Party Interest in Forfeited Property [ECF No. 78] is GRANTED in part. The Government is entitled to forfeiture of one-third of the net proceeds substituted for the Williams Island Property and the Bay Drive Property.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 8th day of November, 2018.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE